THE PEOPLE OF PUERTO RICO on behalf of minor G. A. C., Appellant.

No. O-69-217.     Decided March 6, 1972.

*José B. Díaz Asencio, Felipe Cirino Colón, Fermín B. Arraiza, José Hamid Rivera,* and *Jackie H. Santos Thomas* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Ruth Tentori Lebrón Velázquez, Assistant Solicitor General,* for The People.

PER CURIAM: Minor G. A. C. committed an offense which if committed by an adult would constitute grand larceny. The hearing of the case on the merits having been held, the minor was found guilty of the fault charged. The court, once acquainted with the social report submitted in the case, disposed of the matter by placing the child under the custody of the

Secretary of Health[1] for commitment of the said minor to one
of the institutions under his supervision until the minor
"achieves complete rehabilitation."

Feeling aggrieved by the determination of the trial court
as to the dispositive aspect, he appealed and assigned four
errors. All errors are directed to question the fact that he
was not allowed a separate hearing on disposition, alleging
that it violates the due process of law. He gives special em-
phasis to the fact that he was denied "the right to confront
and cross-examine the persons who prepared the reports which
were considered in the disposition and of the persons who
furnished information for the preparation of same." He does
not question in any manner the determination made in the
adjudicatory phase of the case in which he was declared
guilty of the fault aforementioned.

What appellant claims is that the fact that he was not
granted a separate hearing on disposition in order to cross-
examine all those who intervened in the preparation of the
social report on which the trial court relied to order his
commitment to a state institution, constitutes a violation
of his rights in the light of *In Re Gault*, 387 U.S. 1, and
*In Re Winship*, 397 U.S. 358.

We do not agree. We do not have before our consideration
in this case any contention similar to those decided in *Gault*
or in *Winship*. In those cases the constitutional guarantees
of the due process of law which govern trials against adults
were extended to the minors during the adjudicatory phase of
the proceeding. In that of *Gault*, at p. 31, the Supreme Court
of the United States stated that what was held in that
opinion with regard to the procedural requirements at the
adjudicatory stage has no necessary applicability to other
steps of the juvenile process. It accepts that it has to be
so because the problems involved in the pre-adjudication treat-

---

[1] Now Secretary of Social Services, 3 L.P.R.A. § 211d(a).

ment of juveniles, and in the post-adjudication disposition, are unique in these cases.

■ Our Minors Act, 34 L.P.R.A. §§ 2001 to 2015, does not provide for a separate hearing to dispose of the case after an adjudication on the merits of the same. The trial judge may decide as to the disposition of the minor in the same hearing in which he was found guilty. This was what the court did in the instant case. Such act by itself does not violate the due process of law.

The judge who presided the hearing was watchful of the minor's rights and gave strict compliance to the provisions of the Act and Rules concerning minors. In making use of the social report to dispose of the case, he disclosed to the minor, his father, and the minor's legal representation the parts of the same on which he relied to support his order. It is thus provided in Rule 7.2 of the Rules for Minors. 34 L.P.R.A. App. I.

The record reveals that at no time was the minor deprived of his right to be heard as to who should assume his custody and to examine the persons who prepared the reports. During the hearing the trial judge expressed himself in the following terms:

"The Court understands, colleague, that there is no reason at all to have any doubt as to the information furnished in the two reports which we have mentioned. The report from the Social Services Division of the Court and the report of the Public Welfare Office which for such a long time has been supervising in some way the minor's whole family. For that reason the Court decided that, it understood that it was necessary for the protection of the minor, for the protection of the minor to place him under the custody of the Secretary of Health. For that reason we are going to deny again the colleague's petition, *but it should not be understood that we are closing doors to any step which the minor's father may want to take to inform the Court about his condition, nor to the entry of a hearing in the court's calendar if my colleague so requests as he has already*

*done, so that he may have the opportunity to examine the persons who prepared the reports."* (Italics ours.)

■ This act of the court is in accordance with the provisions of the Rules for Minors. They provide the proper mechanism to obtain what the minor appellant contemplates. Rule 9.6(b) provides that ". . . the Secretary of Health, the father or guardian of the minor, the director of the institution where the minor is kept, or the minor himself, may file at any time a reasoned application asking for the termination of custody over the minor, or that said custody be restored to the petitioner, where the latter is the father or guardian of the child, or that some other measure be taken, compatible with the Act," and paragraph (c) of the same rule provides for a hearing and an investigation where, precisely, the evidence of concern to the minor will be received, after which the judge will determine whether his original order regarding the custody should be modified.

The order appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.